USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-28-09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
RICHARD MASSIE,                      :
                                     :
                Petitioner,          :
                                     :       06 Civ. 12905 (JSR)
        -v-                          :
                                     :       ORDER
METROPOLITAN MUSEUM OF ART,          :
                                     :
                Respondent.          :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

On July 21, 2009, the Honorable Michael H. Dolinger, United States Magistrate Judge, issued a thorough Report and Recommendation ("Report") in the above-captioned matter recommending that the Court deny the defendant's motion to enforce an oral settlement agreement. Subsequently, on August 4, 2009, the defendant timely filed objections to the Report and Recommendation, and plaintiff filed a response to the defendant's objections on August 19, 2009.

To the extent that the instant motion is nondispositive of the substance of the plaintiff's underlying claims, the Court conducts a more deferential review of the Report and Recommendation. See Fed. R. Civ. P. 72(a) (obligating the Court, in the context of nondispositive matters, to "modify or set aside any part of the order that is clearly erroneous or is contrary to law"); see also Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) (where the magistrate judge issues orders regarding nondispositive matters, "[t]he district court reviews such orders under the 'clearly erroneous or contrary to law' standard").

The instant motion seeks to bind the plaintiff, who was then proceeding pro se, to an oral settlement agreed to on the record

before Judge Dolinger on September 5, 2008. The Report and Recommendation carefully analyzes the applicable four-factor test as set forth in <u>Winston v. Mediafare Ent'mt Corp.</u>, 777 F.2d 78, 80 (2d Cir. 1986), <u>see</u> Report at 10-23, to determine whether the plaintiff, at the time, had manifested clear intent to agree to the settlement despite his subsequent rejection of it three days later. In concluding that he was not so bound, Judge Dolinger found that, <u>inter alia</u>, the plaintiff's demonstrated psychological infirmities (as manifest in previous communications with Judge Dolinger's court) tipped the scale against enforcing the settlement.

The defendant's objections to Judge Dolinger's recommendation are not without force. Nevertheless, the Court recognizes that under the circumstances, Judge Dolinger, who was present for the oral agreement in question, is in the best position to make a proper determination as to the defendant's motion. Moreover, in light of the Report's thorough and thoughtful analysis of the <u>Winston</u> factors, the Court cannot identify any conclusion in the Report that is "clearly erroneous or contrary to the law," and therefore has no occasion to set the recommendation aside.

The Court hereby adopts Judge Dolinger's Report and Recommendation in its entirety and remands the case for further proceedings in light of the Court's determination.

SO ORDERED.

                                                                                                                _____
                                                                                                                 JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       August 28, 2006